## C. J. DUKE v. R. L. MANESS et al.

Western Section. February 26, 1926.

No petition for Certiorari was filed.

1. **Covenants. Under covenants against encumbrance grantor held liable for special taxes due and payable at time of transfer, but not liable for future installments.**

   Where deed contained covenants against, all encumbrance, and land was subject to a special drainage assessment, held grantor was obliged to pay such installments as were due and payable at time of transfer, but was not liable for said installments not due and payable at time of the transfer of the property.

2. **Deeds. Collateral oral agreements in regard to taxes made simultaneously with the passing of the deeds is admissible.**

   In an action involving the transfer of real estate, held that it was competent to prove a collateral agreement in regard to the taxes made simultaneously with the passing of the deeds, but in the instant case the evidence was not sufficient to prove the contract.

3. **Appeal and error. Setting aside a pro confesso lies within the discretion of the chancellor.**

   Setting aside a pro confesso appeals to the sound discretion of the chancellor and the appellate court will not reverse the case unless that discretion has been abused.

Appeal from Chancery Court, Henderson County; Hon. T. C. Rye, Chancellor.

Modified and affirmed.

Essary & Denison, of Lexington, for appellant.

W. H. Lancaster, of Lexington, for appellee.

OWEN, J. The complainant has appealed from a decree of the chancery court of Henderson county, dismissing his bill and taxing him with the cost. The complainant and the defendants sometime prior to the institution of this suit had exchanged lands in Henderson county, the defendant R. L. Maness deeding two tracts to the complainant, consisting of sixty-four acres and twenty-six acres. The complainant thereupon executed a warranty deed to a certain tract of land to Dora I. Maness, wife of R. L. Maness. It appears that there was a mortgage on the two tracts of land that were conveyed to the complainant, Dora I. Maness sold a house and lot and used the money in paying off and discharging the mortgage, and by consent of all parties, the conveyance from complainant was made to Dora I. Maness, the two tracts of land conveyed to the complainant being mortgaged for their full value and later Dora I. Maness executed mortgages on the lands that the complainant conveyed to her.

Complainant discovered that there were certain drainage taxes due and unpaid on the lands that were conveyed to him, and after he received his deed; that about seventy-six acres of the ninety acres were included in a certain drainage district. These drainage taxes had been assessed to a Mrs. Scott who had owned the two tracts conveyed to complainant along with other lands, there being a number of conveyances, and had passed through the ownership of various parties before the complainant became the owner, and it appears that no grantee or grantor in these various conveyances gave any attention to paying off and discharging the drainage taxes.

Complainant alleged that at the time he filed his bill there was $437.50 due on the land that had been conveyed to him by warranty deed, and there were several years taxes not due, but these amounted to a lien. It appears that it was agreed that there was $457.53 delinquent at the time complainant received his deed, and drainage taxes amounting to $797.09 not due, and which covered a period of twelve or fourteen future years. Complainant sought to have a lien declared on the land that he had conveyed to Mrs. Dora I. Maness, and a judgment against both defendants for the amount of drainage taxes delinquent, and that not due, and for an injunction to prevent the defendants from disposing of the land complainant had conveyed to Dora I. Maness, and that the tract conveyed to Dora I. Maness be sold for the satisfaction of complainants demands.

A pro confesso was taken against both defendants. Later, upon an affidavit being filed showing that R. L. Maness had been ill for some months and Mrs. Maness had tried to procure counsel, the pro confesso was set aside upon defendants paying all costs to that date, and they were permitted to file answers. R. L. Maness insisted that he had a collateral agreement at the time the conveyances were made between the complainant and Mrs. Dora I. Maness whereby complainant assumed all taxes on the land conveyed to him; and Mrs. Maness assumed all taxes on the land conveyed to her. Mrs. Maness set up the defense that she was an innocent purchaser that she had sold her house and lot in a village of the county of Henderson and used the proceeds in paying off and discharging mortgages that were on the land that her husband had conveyed to complainant, with the understanding and the complainant knew that she was to have title to the land the complainant conveyed.

Numerous depositions were taken and the Chancellor held that complainant was not entitled to any relief; that he had assumed all of the taxes. The complainant excepted, prayed, and was granted an appeal to this court and has assigned errors and raised the following questions:

(1) The court erred in setting aside the pro confesso.

(2)  The court erred in admitting the testimony of numerous witnesses that complainant assumed all of the taxes.

(3)  The court erred in holding that the complainant agreed to pay the taxes on the land conveyed to him, including the drainage taxes; and it is also insisted that the court erred in dismissing complainant's bill.

We are of opinion that under the facts of this case, the complainant has no right to recover from Mrs. Dora I. Maness and the bill was properly dismissed as to her.

These parties traded their lands with about as much concern as two jockeys trade two plug mules. No investigation of title was had and we are of opinion from all the facts that each party was to assume the State and county taxes upon the lands he or she received by deed. The conveyances of the lands were made on the 21st day of August, 1923, and each grantor executed a warranty deed to their respective conveyances with the usual covenants of seizin, possession and warranty against encumbrances.

We know, as a matter of law, that the taxes for 1923 were not due in August, and the State and county taxes on the property that Mrs. Maness received was something like $5 more than the taxes on the property Maness conveyed to complainant. When tax-paying time came it appears that each respective grantee paid upon their respective purchases, and the complainant then made some investigation as to the drainage tax. The drainage tax had not been assessed to defendant Maness. In fact he had only had charge of the land for a few months during 1923, when he conveyed to complainant. There is some proof indicating that there was a slight investigation as to drainage taxes about the time the trade was consummated and the complainant was informed that to segregate the drainage taxes the purchase would be burdened with about $50. There was certainly a serious error or mistake had against the complainant if such investigation was made. Complainant denies any such investigation.

We are of opinion that the complainant is not entitled to recover for the drainage assessments not due at the time that he purchased the ninety acres of land, but under the warranty of the defendant against encumbrance that the defendant is liable for the drainage assessments due at the time the deed was executed on August 21, 1923, and which by agreement or stipulation and by the decree of the Chancellor is shown to be $457.53.

A drainage assessment purports to be an assessment for improvement and it would not be equitable for the complainant to have the benefit, use, occupation and rents of the land that he had conveyed to him and not pay the drainage assessment that had not matured and was not due. Section 3871a123, of Shannon's Code provides

that drainage assessments provided for by and under chapter 185, Acts of 1909, because valid liens upon such lands so assessed just as State and county taxes are liens upon lands. However, in the instant case we find as a fact that the parties to this litigation never intended that the grantor should assume the drainage assessments not due, and it was not contemplated in the deed that the grantee would be relieved against assessments not due.

We are of opinion that it was competent to prove a collateral agreement in regard to the taxes made simultaneously with the passing of the deeds, but the defendant has not carried the burden of proof, in our opinion, by a preponderance of the evidence, that the complainant assumed the $457.53 delinquent drainage assessment, and the Chancellor was in error in dismissing complainant's bill as to recovering this amount for drainage assessment, and the assignment of error to this effect, being assignment No. 3, is sustained. The other assignments are overruled.

Setting aside a pro confesso appeals to the sound discretion of the Chancellor, and this court would not reverse unless that discretion had been abused. We are of opinion that the Chancellor was not in error in setting aside the pro confesso and permitting the defendants to file answers. Gibson's Suits in Chancery, section 239. Neither was the Chancellor in error in admitting the evidence complained of.

A decree will be entered here in favor of the complainant against the defendant R. L. Maness for $457.53, with interest thereon from the filing of complainant's bill and for all the costs of the cause, for which execution will issue.

Senter and Heiskell, JJ., concur.